The opinion of the Court was delivered by
Munro, J.
In this case' it was not even pretended that the plaintiff had not been employed in his professional capacity, or that the services, for which he was seeking to recover, had not been rendered. Neither was there the slightest pretence of a want ©f professional skill on the part of the plaintiff. But the sole ground upon-which the motion fora non-suit was rested was, that under the provisions of the Act of 1817, the plaintiff was bound to produce a license to practice, before he should have been permitted to prove his account.
*131 The fourth section of the Act of 1817, (6 Stat. 63,) is in the words following, “ That all bonds, notes, promises and assumptions made by any person or persons, not licensed in the manner hereinafter mentioned, the consideration for which shall be services rendered as physician or surgeon in prescribing for the cure of diseases, shall be, and they are hereby declared utterly null and void, and of no effect.”
As the law stood prior to the .passage of the Act of 1817, he who employed a physician and accepted his services, prima facie admitted his professional qualifications. That is, whenever such defence was interposed, the burden of sustaining it rested upon the party setting it up; so that the single point for our determination is, whether the effect of the Act of 1817, has been to shift the burden from the defendant to the plaintiff, from the employer to the employee, and to devolve upon the latter the necessity of producing his license, without notice to that effect by the adverse party, thereby making its production by him, an indispensible prerequisite to his right to recover.
Since the repeal of the second section of the Act of 1817, which made it a misdemeanor to practice physic or surgery in this State without a license, the only remaining penalty that is annexed to it, is that which is created by the fourth section of the Act, the absolute nullity of the contract.
But whether such penalty shall, or shall not be enforced, is obviously a matter which rests entirely at the option of the party to whom the service has been rendered.
' There is certainly nothing in the language of the Act in question which either enjoins upon the plaintiff the production of his license, or which prohibits the waiver of its production by the defendant; and in the absence of notice by the defendant, may not such waiver be fairly presumed ?
The case mainly relied on to sustain the motion is Westmoreland vs. Bragg, 2 Hill, 414. In that case the action was by one engaged in vending liquids compounded of roots and *132 vegetables according to tbe Thompsonian system. On the trial it was conceded that the plaintiff had no license, either to practice physic, or to sell drugs ; and the only point presented for the decision of the Court was, whether one engaged 1 in such pursuit was an apothecary. And it was held that one so engaged was an apothecary, and not having a license, he could not recover.
But in the more recent case of Barton vs. Southerland, 5 Rich. 57, the question before us was distinctly made and adjudged.
There the action was by the holder of a note payable to F. or bearer, and transferred to the plaintiff after it fell due. The defence was, that the note had been given for medical services rendered by F. the payee, an unlicensed physician, and that the same was illegal and void under the Act of 1817.
Upon circuit, the plaintiff was non-suited, upon the authority of Westmoreland vs. Bragg, and thereupon he moved to set it (the order for non-suit) aside, upon several grounds, one of which was, that it was the duty of the defendant to prove that F. the payee was not a licensed physician, and another was, that it was the duty of the defendant to give the payee notice to produce his license.
The following is the decision of the Court: “ Of the nature of the defence, it does not appear that either the plaintiff, or F. (the payee,) had notice before the trial, &c. Under these circumstances, the plaintiff could not have been expected to produce F.’s license, and the defendant should have been required to make out his defence by adding to proof, that medical services constituted the consideration of the note, legal evidence by F.’s admissions or otherwise, that the practitioner who rendered the service was unlicensed.”
So far then as 'regards the application of the principle involved, there is no substantial difference between the case cited and the one under consideration. For although in the *133 former, the suit was in the name of a third party, this could have had no influence on the decision of the case, for the note, on which the action was founded, having been transferred to the plaintiff after it fell due, was open to the same defence, it would have been open to, had'the suit been brought in the name of the payee.
We, therefore, conclude, that while to an action by a physician to recover for medical services, the defendant has an undoubted right to require the production of the plaintiff’s license, to entitle him to do so, however, it is incumbent on him to show that reasonable notice, by plea or otherwise, has been given to the plaintiff to produce it.
There being no proof of such notice in this case, the motion is therefore dismissed.
O’Neall, Wardlaw and Glover, JJ., concurred.
Motion dismissed. _